**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUNIOR BALBINO SANCHEZ HERNANDEZ,

Petitioner,

v.

Case No. 1:26-cv-03166-MIS-SCY

DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and WARDEN, Torrance County Detention Facility,

Respondents.

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Junior Balbino Sanchez Hernandez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 23, 2026. The Federal respondents filed a Response on October 8, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Venezuela who entered the United States on a B2 visa on October 30, 2019. See I-94, ECF No. 1 at 13. He filed an Application for Asylum and for Withholding of Removal, see Form I-589, ECF No. 1 at 15, and was granted temporary protected status through September 10, 2025, see I-797A Notice of Action, ECF No. 1 at 12. On March 20, 2026, federal law enforcement officers arrested Petitioner. Pet. at 2, 4. He has been in immigration detention ever since, and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Id. at 1-2.

On March 31, 2026, an Immigration Judge denied Petitioner bond; the Immigration Judge's entire explanation for denying bond is this: "Flight risk[.]" Order of the Immigration Judge, ECF No. 6-1. According to the Executive Office of Immigration Review's website, on July 24, 2026, an immigration judge granted Petitioner voluntary departure;[2] Petitioner's appeal of that order is currently pending before the Board of Immigration Appeals ("BIA") with no briefing schedule yet established.

On September 23, 2026, Petitioner filed the instant Petition arguing that his continued detention without a constitutionally adequate bond hearing violates his Fifth Amendment right to due process, Pet. at 6, and that his prolonged detention exceeding six months violates his Fifth Amendment right to due process, id. at 6-7.

On September 24, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which required Respondents to "specify whether the Court has already ruled on the legal issue(s)

[2] Neither party provided the Court with a copy of the Immigration Judge's Order of July 24, 2026. Respondents state that the Immigration Judge ordered Petitioner removed on July 24, 2026. Resp. at 1. For purposes of this Order, the Court will assume that the Immigration Judge granted Petitioner's request for voluntary departure with an alternative order of removal. However, the contents of the Immigration Judge's Order of July 24, 2026, are immaterial to the Court's determination that Petitioner's detention is unlawful.

in this case and whether the holdings in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) or Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." ECF No. 4. On October 8, 2026, Respondents filed their Response. ECF No. 6.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his continued detention without a constitutionally adequate bond hearing violates his Fifth Amendment right to due process, Pet. at 6, and that his prolonged detention "of over 6 months with no reasonabl[y] foreseeable end in sight" violates his Fifth Amendment right to due process, id.; see also id. at 7.

Respondents argue that Petitioner's due process rights were not violated because he received a bond hearing, and this Court cannot review the Immigration Judge's discretionary bond

decision. Resp. at 1 (citing 8 U.S.C. § 1226(e)); see also id. at 2 (arguing that Petitioner received all the process he is due under 8 U.S.C. § 1226(a)). Respondents wholly failed to address Petitioner's argument that his prolonged detention violates his Fifth Amendment due process rights, or address whether Mardanpour, 2026 WL 963164, at *3-8 requires relief, even though the Court explicitly ordered them to do so. See ECF No. 4.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' partial non-opposition to the Petition constitutes a concession to Petitioner's allegations that he has been detained in excess of six months with no reasonably foreseeable end in sight. See Gainza v. Warden, Case No. 1:26-cv-03177-MIS-SCY, 2026 WL 3026303, at *2 (D.N.M. Oct. 8, 2026). The Court further finds that Petitioner is entitled to habeas relief for two independent reasons.

First, Petitioner did not receive a constitutionally adequate bond hearing. While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful

manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

Here, the Immigration Judge's reason for denying Petitioner bond was "Flight risk" without any further explanation. ECF No. 6-1. Courts have repeatedly found such determinations, when unaccompanied by reference to specific facts related to an individual non-citizen, to be constitutionally inadequate. Duong v. Mullin, __ F. Supp. 3d __, 2026 WL 3030939, at *2 (D.N.M Oct. 9, 2026) (citing Poot v. Mullin, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *8 (C.D. Cal. Sept. 9, 2026); Herrera Ramirez v. Blanche, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026); Abdelmasseh v. Scott, No. C26-1681-KKE, 2026 WL 1815279, at *4 (W.D. Wash. June 24, 2026); Ji v. Warden, Case No. 1:26-cv-03442 DJC SCR, 2026 WL 1733618,

at *7 (E.D. Cal. June 16, 2026); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026); N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026)).

Simply labeling a noncitizen a flight risk without referencing individualized facts specific to a petitioner does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. See Duong, 2026 WL 3030939, at *3; Dong, 2026 WL 1959357, at *1; see also Salinas Rodriguez, Case No. 2:26-cv-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 4, 2026) (recognizing that to rely on "removability" as per se evidence of flight risk would render § 1226(a)'s grant of discretionary bond meaningless).

In short, there is no indication that the Immigration Judge considered the factors set forth in In Re Guerra or any factors specific to this individual Petitioner when denying him bond. See ECF No. 6-1. Rather, the Immigration Judge denied bond with a two-word explanation simply stating, "Flight risk[.]" ECF No. 6-1. That is merely a determination devoid of any analysis of the facts related to Petitioner. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision.[3] Id.; see generally Resp. Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that the Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *3; Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process.

---

[3] On the other hand, Petitioner filed several character letters in support of his Petition. See ECF No. 1 at 16, 29-40.

Second, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over six months, with no reasonably foreseeable end in sight,[4] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026);

[4] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Junior Balbino Sanchez Hernandez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE